**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000493
14-NOV-2011
08:40 AM**

NO. CAAP-11-0000493

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


KONA'S BEST NATURAL COFFEE LLC,
a Hawaii limited liability company,
Plaintiff/Counterclaim-Defendant/Appellant/Cross-Appellee,
v.
MOUNTAIN THUNDER COFFEE PLANTATION INT'L INC.,
a Hawaii corporation, TRENT BATEMAN and LISA BATEMAN,
Defendants/Counterclaim-Plaintiffs/Appellees/Cross-Appellants
and
NATURESCAPE HOLDINGS GROUP INT'L, INC.,
Defendant/Appellee/Cross-Appellee

---

MOUNTAIN THUNDER COFFEE PLANTATION INT'L, INC.,
a Hawaii corporation, TRENT BATEMAN and LISA BATEMAN,
Third-Party Plaintiffs/Third-Party Counterclaim
Defendants/Appellees/Cross-Appellants,
v.
MICHAEL ROBERTS, BRENT HIGHT, and KOA COFFEE COMPANY, LLC,
Third-Party Defendants/Appellees/Cross-Appellees,
and
MARIN ARTUKOVICH,
Third-Party Defendant/Third-Party Counterclaim-
Plaintiff/Appellee/Cross-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 08-1-098K)

ORDER DISMISSING APPEAL AND
CROSS-APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of the record, it appears that we lack

jurisdiction over the appeal and cross-appeal in Appeal No. CAAP-

11-0000493 from the Honorable Ronald Ibarra's May 27, 2011

judgment, because the May 27, 2011 judgment does not satisfy the requirements for an appealable final judgment under Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

Hawaiʻi Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). "Every judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement under HRCP Rule 58, the Supreme Court of Hawaiʻi has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338.

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Id. (emphases added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the mount of $____ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added).

When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to case upon this court the burden of searching a voluminous record for evidence of finality[.]

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). A judgment that does not specifically identify the claim or claims on which a circuit court intends to enter judgment requires an appellate court to search the often voluminous record on appeal in order to determine the specific claim or claims on which judgment is entered. As the Supreme Court of Hawai'i has explained, "we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58." <u>Id.</u> "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, <u>on its face</u>, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." <u>Id.</u> (emphasis added).

Although the various parties have asserted numerous claims through an April 27, 2010 amended complaint (asserting thirteen separate counts), a September 20, 2010 amended counterclaim (asserting nineteen separate counts), a September 23, 2010 amended third-party complaint (asserting nineteen separate counts), and a January 16, 2009 third-party counterclaim (asserting nine separate counts), the May 27, 2011 judgment purports to enter judgment in favor of and against specific parties without specifically identifying the claim or

-3-

claims on which the circuit court intends to enter judgment in each instance. Therefore, the May 27, 2011 judgment is too vague to satisfy requirements for an appealable judgment in a multiple-claim case under HRCP Rule 58 and the holding in <u>Jenkins</u>.

Absent the entry of an appealable final judgment, the appeal and cross-appeal are premature, and we lack appellate jurisdiction over the Appeal No. CAAP-11-0000493. Accordingly,

IT IS HEREBY ORDERED that the appeal and cross-appeal in appellate court case number CAAP-11-0000493 are dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, November 14, 2011.


Chief Judge


Associate Judge


Associate Judge